RECEIPT # 576129
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 8-3-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.

THOMAS J. CROSSON,
Plaintiff,

v.

JOHN ALDEN LIFE INSURANCE CO.,
Defendant.

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

04-11711 REK

MAGISTRATE JUDGE Alexander

Defendant John Alden Life Insurance Co. (hereinafter "Defendant"), respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the District of Massachusetts from the Fall River District Court of the Commonwealth of Massachusetts, Suffolk, and for this Notice of Removal states:

1. The defendant has been named in a civil action in the Fall River District Court of the Commonwealth of Massachusetts in and for Bristol County, entitled Thomas J. Crosson v. John Alden Life Insurance Co., Civil Action No. 0432CV692. A copy of the Summons and Complaint filed herein was served upon the Commissioner of Insurance for the Commonwealth of Massachusetts as attorney for a foreign company as provided for in M.G.L., c. 175, sections 154 and 151(3), and was received by the defendant on July 13, 2004. A copy of the Complaint and Summons are attached hereto as **Exhibit 1**.

2. The claims against the defendant are wholly civil in nature and are brought in a Massachusetts state court. Plaintiff seeks to recover benefits under an ERISA-regulated employee welfare benefit plan. The action is pending in Bristol County, Massachusetts, and accordingly, under 28 U.S.C. §§ 101 and 1441(a)&(c), the United States District Court for the District of Massachusetts is the proper forum for removal.



940492v1

3. The aforementioned employee welfare benefit plan (the "Plan") provides benefits to employees of the Commonwealth of Massachusetts. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1461.

4. 29 U.S.C.S. sec. 1132 A(1) provides the exclusive federal remedies for resolution of suits by beneficiaries to recover benefits from an ERISA plan. 29 U.S.C. §1132(a)(1)(B); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). Causes of action filed in state court which are preempted by ERISA and come within the scope of §502(a)(1) of ERISA, 29 U.S.C. §1132(a)(1), are removable to federal court under 28 U.S.C. § 1441(a)&(c) as actions arising under federal law, even when state law claims are asserted or when the ERISA-related nature of the action does not appear on the face of the complaint. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

5. In addition, under § 502(e) of ERISA, 29 U.S.C. § 1132(e), this Court has original federal question jurisdiction. See 28 U.S.C. § 1331. As actions of a civil nature founded on claims or rights arising under the laws of the United States, the claims against the defendant is properly removable under 28 U.S.C. § 1441(a)&(c).

6. This notice is filed within thirty (30) days of notice of the suit, within thirty days of the date this action became removable, and within the time for filing this notice. See 28 U.S.C. § 1446.

7. The defendant will file a notice of the filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Fall River District Court of the Commonwealth of Massachusetts in and for Bristol County.

8. Pursuant to Local Rule 81.1(A), the defendant shall request of the Clerk of the Fall River District Court of the Commonwealth of Massachusetts, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.



940492v1

WHEREFORE, the defendant prays that the above action now pending in the Fall River District Court of the Commonwealth of Massachusetts in and for Bristol County be removed from that Court to this United States District Court.

Respectfully submitted,

JOHN ALDEN LIFE INSURANCE CO.
By its attorneys,

MORRISON MAHONEY LLP

Scott Douglas Burke, BBO#551255
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 8/3/04

Steven J. Bolotin



940492v1

**COMMONWEALTH OF MASSACHUSETTS**
**THE TRIAL COURT**
**DISTRICT COURT DEPARTMENT**

**BRISTOL, ss.** **FALL RIVER DIVISION**

| | |
|---|---|
| **THOMAS J. CROSSON,** Plaintiff<br>v.<br>**JOHN ALDEN LIFE INSURANCE CO.,** Defendant | **C.A. # 0432CV692** |

**AMENDED COMPLAINT AND JURY CLAIM**

**Count I**

**(Breach of Contract)**

1) The plaintiff, Thomas J. Crosson, is an individual residing in Massachusetts.

2) The defendant, John Alden Insurance Co., is a corporation engaged in the health insurance business in Massachusetts.

3) At all relevant times, the plaintiff was insured under a health insurance policy issued by the defendant, designated as Group Certificate # 111097-2-100.

4) On September 2, 2002, the plaintiff suffered severe personal injuries when he was attacked by a bear while on a camping trip in Wyoming.

5) As a result of his injuries, the plaintiff required extensive medical treatment. The insurance policy issued by the defendant provided coverage for such treatment.

6) Despite this, the defendant refused to pay $ 3,656.69 in costs incurred by the plaintiff for reasonable and necessary medical care.

7) The defendant thereby breached its contract with the plaintiff.

WHEREFORE, the plaintiff, Thomas J. Crosson, demands judgment against the defendant, John Alden Insurance Company, in the amount of $ 3,656.69, together with interest and costs.

**Count II**

**(Gen. Laws c. 93A, s. 9)**

8) The plaintiff incorporates herein the allegations set out in paragraphs 1 through 7 of this Complaint.

9) The defendant, John Alden Insurance Company, is engaged in trade and commerce in Massachusetts.

10) The plaintiff, Thomas J. Crosson, is a consumer.

11) By refusing to pay the reasonable cost of the plaintiff's medical care the defendant violated Gen. Laws c. 176D, s. 3(d) and (f). The defendant also engaged in unfair and deceptive acts and practices in violation of Gen. Laws c. 93A, s. 2.

12) On July 30, 2003, the plaintiff, through counsel, sent a demand letter to the defendant in compliance with Gen. Laws c. 93A, s. 9. A copy is attached to this complaint. The defendant failed to respond to that demand letter.

WHEREFORE, the plaintiff, Thomas J. Crosson, demands judgment against the defendant, John Alden Insurance Company, for treble damages, together with interest, costs and attorney's fees.

**Jury Claim**

The plaintiff claims trial by jury.

By his attorney,
McGuire & Coughlin, P.C.

by____________________

Thomas F. McGuire, Jr.
B.B.O. # 335170
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187
Tel. (508) 675-7896
Fax (508) 675-6595

*Law Office of*

**McGUIRE & COUGHLIN, P.C.**

The Academy Building
70 South Main Street, P.O. Box 1187
Fall River, MA 02722-1187
Tel. (508) 675-7896 Fax (508) 675-6595
E-Mail: mcguirecoughlin@meganet.net

Thomas F. McGuire, Jr.
John J. Coughlin

July 30, 2003

Manager
John Alden Life Insurance Company
P.O. Box 1599
Boise, ID 83701-1599

Re: Thomas J. Crosson
Group Certificate # 111097-2-100
Provider: St. John's Medical Center, Jackson, WY

**MASS. GEN. LAWS CHAP. 93A DEMAND LETTER**

Dear Sir/Madam:

This office represents Mr. Thomas J. Crosson of 4 Plumtree Road, Springfield, Massachusetts. Mr. Crosson is insured with your company under the above referenced Group Health Insurance Certificate.

This is a formal demand for relief under the Massachusetts Consumer Protection Act, Mass. Gen. Laws chapter 93A, section 9. That statute provides a remedy for consumers injured by unfair or deceptive acts and practices committed by persons engaged in trade or commerce, including health insurers. Your company has committed such unfair and deceptive acts and practices by refusing to pay $ 3,245.42 of a claim submitted by Mr. Crosson for reasonable and necessary medical care provided to him by St. John's Medical Center in Jackson, Wyoming.

On September 2, 2002, Mr. Crosson was attacked by a bear while on a camping trip in Wyoming. He suffered extensive injuries and, once rescued, was admitted to St. John's Medical Center where he remained from September 3 through September 9, 2002. You have unreasonably refused to pay $ 3,245.42 for that care. You have further deceptively claimed that the total amount billed by St. John's exceeds the usual, customary and reasonable charge for such medical care in the vicinity of Jackson, Wyoming.

McGuire & Coughlin, P.C.
Manager
John Alden Life Insurance Company
July 30, 2003
Page Two

Your actions have also violated Massachusetts General Laws chapter 176D, section 3 which prohibits unfair claim settlement practices, including:

> "(d) Refusing to pay claims without conducting a reasonable investigation;" and

> "(f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

Demand is hereby made that you reimburse Mr. Crosson $ 3,245.42 which he was forced to pay to St. John's Medical Center. If you do not do so within thirty days, we will commence suit against you under the Consumer Protection Act. Pursuant to that Act, you may be held liable for triple damages, interest, costs and attorney's fees.

Very truly yours,
McGuire & Coughlin, P.C.

by [signature]
Thomas F. McGuire, Jr.

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Manager
John Alden Life Ins. Co.
P.O. Box 1599
Boise, ID 83701-1599

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery
J. M. Jefferies

AUG - 4 2003

C. Signature
X [signature] ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
XX Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7001 1940 0005 5387 5128

PS Form



JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
THOMAS J. CROSSON

**DEFENDANTS**
JOHN ALDEN LIFE INSURANCE CO.

**(b)** County of Residence of First Listed Plaintiff Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____________
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas F. McGuire, Jr. (508) 675-7896
McGuire & Coughlin, P.C.
70 South Main Street, P.O. Box 1187
Fall River, MA 02722-1187

Attorneys (If Known) (617) 439-7500
Scott Douglas Burke/Steven J. Bolotin
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC Secs. 101 and 1441(a) and (c); 29 USC Sec. 1132.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $3,656.69
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____________ DOCKET NUMBER ____________

DATE 8/3/04
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Thomas J. Crosson v. John Alden Life Insurance Co.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- ☑ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- ☐ V. 150, 152, 153.

04-11711 REK

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐ NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐ NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐ NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐ NO ☑

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☑ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐ NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Steven J. Bolotin

ADDRESS Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210

TELEPHONE NO. 617-439-7500

Uniform Form DCM-13
AR4-76

# Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
DISTRICT COURT DEPARTMENT

BRISTOL, SS. FALL RIVER DIVISION

THOMAS J. CROSSON
Plaintiff

v.

JOHN ALDEN LIFE INSURANCE CO.

Civil Action No. 0432CV692

**SUMMONS**
(Rule 4)

To defendant JOHN ALDEN LIFE INSURANCE CO. (name) of Milwaukee, WI (address):

You are hereby summoned and required to serve upon ~~Thomas F. McGuire, Jr.~~, plaintiff('s attorney), whose address is ~~70 S. Main St.~~ Fall River, MA 02722, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, Gilbert J. Nadeau, Jr. Esquire, Presiding Justice, on July 6 2004 (date)

(SEAL)

[signature]
Clerk Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On July 13, 2004 (date of service), I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

By First class mail to
John Alden Life Insurance Company
Fortis Health
501 West Michigan
Milwaukee, WI 53203

Stacy Siegan 7/13/04 (signature)
Stacy Siegan Adm. Assistant (name and title)
One South Station (address)
Boston, MA 02110

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

16C 78

Uniform Form DCM-13
AR4-76

# Commonwealth of Massachusetts

**TRIAL COURT OF THE COMMONWEALTH**
**DISTRICT COURT DEPARTMENT**

BRISTOL, SS. FALL RIVER DIVISION

THOMAS J. CROSSON
Plaintiff

v.

JOHN ALDEN LIFE INSURANCE CO.

Civil Action No. 0432CV692

04-11711 REK

**SUMMONS**
(Rule 4)

To defendant JOHN ALDEN LIFE INSURANCE CO. (name) of Milwaukee, WI (address):

You are hereby summoned and required to serve upon ~~Thomas F. McGuire, Jr.~~, plaintiff('s attorney), whose address is 70 S. ~~Main St.~~ Fall River, MA 02722, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, Gilbert J. Nadeau, Jr. Esquire, Presiding Justice, on July 6 2004 (date)

(SEAL)

[signature]
Clerk Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On July 13, 2004 (date of service) I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

By First class mail to
John Alden Life Insurance Company
Fortis Health
501 West Michigan
Milwaukee, WI 53203

Stacy Siegan 7/13/04 (signature)
Stacy Siegan Adm. Assistant (name and title)
One South Station (address)
Boston, MA 02110

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

10C 76